UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

REINHARD STIH,

              Civil Action No.: 22-cv-3228

        Plaintiff,

     -against-           **COMPLAINT**

ROCKAWAY FARMERS MARKET, INC.,
THE CHEF'S TABLE, INC.,        **JURY TRIAL DEMANDED**
MALLARY BENNETT, and
STEVE DESLANDES,

        Defendants.

-----------------------------------------------------------------------X

    Plaintiff Reinhard Stih, by his attorneys, LaRocca Hornik Rosen & Greenberg LLP, for his

complaint against defendants Rockaway Farmers Market, Inc., The Chef's Table, Inc., Mallary

Bennett, and Steve Deslandes, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.   Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") and the

New York Labor Law ("NYLL") because defendants paid plaintiff at a rate less than the statutory

minimum wage; failed to pay plaintiff overtime pay for the work he performed in excess of 40

hours per week; failed to provide plaintiff with proper wage notices at the time of hire and proper

wage statements on each payday; failed to pay plaintiff spread of hours pay when his workdays

exceeded 10 hours; and failed to pay plaintiff his wages at least two times per month.

## JURISDICTION AND VENUE

    2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because

this action involves the FLSA, a federal statute.

    3.   This Court has supplemental jurisdiction over plaintiff's state law claims arising

under the NYLL, pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) & (c) because a substantial part of the events or omissions giving rise to this action occurred in this district and defendants are subject to personal jurisdiction in this district.

## THE PARTIES

5.      Plaintiff Reinhard Stih resides in the State of New York.

6.      Defendant Rockaway Farmers Market, Inc. ("Rockaway Farmers Market") is a domestic business corporation authorized to conduct business in the State of New York.

7.      Rockaway Farmers Market is a current or former owner, operator, licensor, licensee, lessee, or manager of the market located at 268 Beach 116th Street, Queens, New York.

8.      Defendant The Chef's Table, Inc. ("The Chef's Table") is a domestic business corporation authorized to conduct business in the State of New York.

9.      The Chef's Table is a current or former owner, operator, licensor, licensee, lessee, or manager of the restaurant located at 268 Beach 116th Street, Queens, New York.

10.      Defendant Mallary Bennett resides in the State of New York.

11.      Mallary Bennett is a current or former owner, operator, licensor, licensee, manager, or employee of the Rockaway Farmers Market.

12.      Mallary Bennett is a current or former owner, operator, licensor, licensee, manager, or employee of The Chef's Table.

13.      Defendant Steve Deslandes resides in the State of New York.

14.      Steve Deslandes is a current or former owner, operator, licensor, licensee, manager, or employee of the Rockaway Farmers Market.

15.      Steve Deslandes is a current or former owner, operator, licensor, licensee, manager, or employee of The Chef's Table.

16.     Plaintiff is a former employee of defendants at both the Rockaway Farmers Market and The Chef's Table.

## FACTUAL ALLEGATIONS

**A.     Plaintiff's Employment at the Rockaway Farmers Market**

17.     Plaintiff was employed at the Rockaway Farmers Market as a chef from June 2019 to June 2020.

18.     At the time he was hired to work at the Rockway Farmers Market, defendants failed to provide plaintiff with a proper wage notice.

19.     Throughout his employment at the Rockaway Farmers Market, defendants failed to provide plaintiff with proper wage statements on each payday.

20.     Throughout his employment at the Rockaway Farmers Market, defendants failed to provide plaintiff with spread of hours pay when his workdays exceeded 10 hours.

21.     Throughout his employment at the Rockaway Farmers Market, defendants failed to pay plaintiff his wages at least two times per month.

22.     Throughout his employment at the Rockaway Farmers Market, plaintiff regularly worked more than 80 hours per week.

23.     During the time-period of plaintiff's employment at the Rockaway Farmers Market, defendants paid plaintiff a set salary of $500 per week, irrespective of the number of hours he worked during any given week.

24.     During this time-period, plaintiff was paid an effective hourly rate of $6.25 or less for the work he performed each week.

25.     Plaintiff's effective hourly rate of $6.25 or less during this time-period was less than the federal statutory minimum wage rate in effect in 2019 and 2020.

26.     Plaintiff's effective hourly rate of $6.25 or less during this time-period was less than the statutory minimum wage rate in effect for large New York City employers such as defendants in 2019 and 2020.

27.     While plaintiff was a non-exempt employee during this time-period, plaintiff was never paid overtime for any of the work he performed in excess of 40 hours per week.

28.     By way of example, during the week of August 11–17, 2019, plaintiff worked approximately 80 hours at the Rockaway Farmers Market, but he was not paid overtime for any of the 40 hours he worked in excess of 40 hours in this week.

29.     During the time-period of plaintiff's employment at the Rockaway Farmers Market, it is estimated that defendants failed to pay plaintiff for more than two thousand (2,000) hours of overtime.

**B.**     **Plaintiff's Employment at The Chef's Table – The Renovation Work**

30.     In or around June 2020, Ms. Bennett and Mr. Deslandes purchased a restaurant adjacent to the Rockaway Farmers Market and began renovating this space for their new restaurant, which would become known as The Chef's Table.

31.     Plaintiff performed exhaustive manual labor on behalf of defendants in connection with the renovation of The Chef's Table, which lasted approximately 2–3 months.

32.     During the renovation of The Chef's Table, plaintiff regularly worked more than 80 hours per week.

33.     During this time-period, defendants paid plaintiff a set salary of $500 per week, irrespective of the number of hours he worked during any given week.

34.     During this time-period, plaintiff was paid an effective hourly rate of $6.25 or less for the work he performed each week.

35.     Plaintiff's effective hourly rate of $6.25 or less during this time-period was less than the federal statutory minimum wage rate in effect in 2020.

36.     Plaintiff's effective hourly rate of $6.25 or less during this time-period was less than the statutory minimum wage rate in effect for large New York City employers such as defendants in 2020.

37.     While plaintiff was a non-exempt employee during this time-period, plaintiff was never paid overtime for any of the work he performed in excess of 40 hours per week.

38.     By way of example, during the week of July 17–23, 2020, plaintiff worked approximately 80 hours performing renovation work, but he was not paid overtime for any of the 40 hours he worked in excess of 40 hours in this week.

39.     During the renovation of The Chef's Table, it is estimated that defendants failed to pay plaintiff for more than four hundred (400) hours of overtime.

**C.    Plaintiff's Employment at The Chef's Table – The Kitchen Work**

40.     Following the completion of the renovation in or around September 2020, plaintiff started working as a chef at The Chef's Table.

41.     At the time plaintiff started working as a chef at The Chef's Table, defendants failed to provide plaintiff with a proper wage notice.

42.     Throughout his employment at The Chef's Table, defendants failed to provide plaintiff with proper wage statements on each payday.

43.     Throughout his employment at The Chef's Table, defendants failed to provide plaintiff with spread of hours pay when his workdays exceeded 10 hours.

44.     Throughout his employment at The Chef's Table, defendants failed to pay plaintiff his wages at least two times per month.

45.     Throughout his employment at The Chef's Table, plaintiff routinely worked more than 80 hours per week.

46.     From approximately September 2020 to June 2021, defendants paid plaintiff a set salary of $500 per week, irrespective of the number of hours he worked during any given week.

47.     During this time-period, plaintiff was paid an effective hourly rate of $6.25 or less for the work he performed each week.

48.     Plaintiff's effective hourly rate of $6.25 or less during this time-period was less than the federal statutory minimum wage rate in effect in 2020 and 2021.

49.     Plaintiff's effective hourly rate of $6.25 or less during this time-period was less than the statutory minimum wage rate in effect for large New York City employers such as defendants in 2020 and 2021.

50.     In or around June 2021, plaintiff made protected complaints to defendants regarding his low wages and the high number of hours he was working each week.

51.     In response, defendants increased plaintiff's set salary to $750 per week.

52.     From approximately June 2021 to October 2021, defendants paid plaintiff a set salary of $750 per week, irrespective of the number of hours he worked during any given week.

53.     During this time-period, plaintiff was paid an effective hourly rate of $9.38 or less for the work he performed each week.

54.     Plaintiff's effective hourly rate of $9.38 or less during this time-period was less than the statutory minimum wage rate in effect for large New York City employers such as defendants in 2021.

55.     While plaintiff was a non-exempt employee during the time-period of his employment at The Chef's Table, plaintiff was never paid overtime for any of the work he

performed in excess of 40 hours per week.

56.     By way of example, during the week of August 8–14, 2021, plaintiff worked approximately 80 hours at The Chef's Table, but he was not paid overtime for any of the 40 hours he worked in excess of 40 hours in this week.

57.     During the time-period of plaintiff's employment at The Chef's Table, it is estimated that defendants failed to pay plaintiff for more than two thousand (2,000) hours of overtime.

58.     Because of The Chef's Table's unlawful conduct, plaintiff resigned from his position at The Chef's Table in October 2021.

59.     Upon information and belief, during the time-period of plaintiff's employment with defendants, Ms. Bennett and Mr. Deslandes commingled the funds between the Rockaway Farmers Market, The Chef's Table, and their private transportation business.

60.     Upon information and belief, during the time-period of plaintiff's employment with defendants, Ms. Bennett and Mr. Deslandes paid plaintiff his wages using funds derived from the Rockaway Farmers Market, The Chef's Table, and their private transportation business.

## FIRST CLAIM FOR RELIEF
### (Failure to pay overtime under the FLSA against defendants during plaintiff's employment at the Rockaway Farmers Market)

61.     Paragraphs 1 through 60 are realleged.

62.     At all relevant times, defendants were "employers" engaged in interstate "commerce" or in the production of "goods" for "commerce" within the meaning of the FLSA.

63.     At all relevant times, defendants have had gross revenues in excess of $500,000.

64.     At all relevant times, defendants have employed "employee[s]" as defined by the FLSA, including plaintiff, a former employee.

65.    Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay plaintiff at one and one-half times his regular pay or, at the very least, one and one-half times the statutory minimum wage, for the hours he worked in excess of 40 hours per week, even though plaintiff was a non-exempt employee during the time-period of his employment at the Rockaway Farmers Market and entitled to overtime.

66.    Defendants willfully failed and refused to pay plaintiff at the required overtime rate for the hours he worked in excess of 40 hours per week, even though plaintiff was a non-exempt employee during the time-period of his employment at the Rockaway Farmers Market and entitled to overtime.

67.    Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(Failure to pay overtime under the FLSA against
defendants during plaintiff's employment at The Chef's Table)**

68.    Paragraphs 1 through 67 are realleged.

69.    Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay plaintiff at one and one-half times his regular pay or, at the very least, one and one-half times the statutory minimum wage, for the hours he worked in excess of 40 hours per week, even though plaintiff was a non-exempt employee during the time-period of his employment at The Chef's Table and entitled to overtime.

70.     Defendants willfully failed and refused to pay plaintiff at the required overtime rate for the hours he worked in excess of 40 hours per week, even though plaintiff was a non-exempt employee during the time-period of his employment at The Chef's Table and entitled to overtime.

71.     Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Failure to pay overtime under the NYLL against defendants during plaintiff's employment at the Rockaway Farmers Market)

72.     Paragraphs 1 through 71 are realleged.

73.     Defendants employed plaintiff within the meaning of the NYLL.

74.     Defendants willfully failed and refused to pay plaintiff at the required overtime rate for the hours he worked in excess of 40 hours per week, even though plaintiff was a non-exempt employee during the time-period of his employment at the Rockaway Farmers Market and entitled to overtime.

75.     Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the NYLL for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Failure to pay overtime under the NYLL against defendants during plaintiff's employment at The Chef's Table)

76.     Paragraphs 1 through 75 are realleged.

77.     Defendants employed plaintiff within the meaning of the NYLL.

78.     Defendants willfully failed and refused to pay plaintiff at the required overtime rate for the hours he worked in excess of 40 hours per week, even though plaintiff was a non-exempt

employee during the time-period of his employment at The Chef's Table and entitled to overtime.

79.     Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the NYLL for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (Failure to pay minimum wage under the FLSA against defendants during plaintiff's employment at the Rockaway Farmers Market)

80.     Paragraphs 1 through 79 are realleged.

81.     Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the statutory minimum wage to plaintiff during the time-period of his employment at the Rockaway Farmers Market.

82.     Defendants willfully failed and refused to pay the statutory minimum wage to plaintiff during the time-period of his employment at the Rockaway Farmers Market.

83.     Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (Failure to pay minimum wage under the FLSA against defendants during plaintiff's employment at The Chef's Table)

84.     Paragraphs 1 through 83 are realleged.

85.     Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the statutory minimum wage to plaintiff for the majority of his employment at The Chef's Table.

86.     Defendants willfully failed and refused to pay the statutory minimum wage to plaintiff for the majority of his employment at The Chef's Table.

87.     Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SEVENTH CLAIM FOR RELIEF**
**(Failure to pay minimum wage under the NYLL against**
**defendants during plaintiff's employment at the Rockaway Farmers Market)**

88.     Paragraph 1 through 87 are realleged.

89.     Defendants employed plaintiff within the meaning of the NYLL.

90.     Defendants willfully failed and refused to pay the statutory minimum wage to plaintiff for the hours he worked during the time-period of his employment at the Rockaway Farmers Market.

91.     Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the NYLL for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**EIGHTH CLAIM FOR RELIEF**
**(Failure to pay minimum wage under the NYLL against**
**defendants during plaintiff's employment at The Chef's Table)**

92.     Paragraphs 1 through 91 are realleged.

93.     Defendants employed plaintiff within the meaning of the NYLL.

94.     Defendants willfully failed and refused to pay the statutory minimum wage to plaintiff for the hours he worked during the time-period of his employment at The Chef's Table.

95.     Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the NYLL for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## NINTH CLAIM FOR RELIEF
### (Failure to furnish a proper wage notice and proper wage statements under the NYLL against defendants during plaintiff's employment at the Rockaway Farmers Market)

96.     Paragraphs 1 through 95 are realleged.

97.     Section 195(1)(a) of the NYLL requires that employers furnish to each employee "in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other…"

98.     Defendants willfully failed to furnish plaintiff with a proper wage notice at the time he was hired to work at the Rockaway Farmers Market that reflected the criteria required under NYLL § 195(1)(a).

99.     Moreover, NYLL § 195(3) requires that employers furnish to each employee wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

100.    Defendants also willfully failed to furnish plaintiff with proper wage statements containing the criteria required under NYLL § 195(3) during the time-period of his employment at the Rockaway Farmers Market.

101.    Plaintiff seeks statutory damages in an amount to be determined at trial, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**TENTH CLAIM FOR RELIEF**
**(Failure to furnish a proper wage notice and**
**proper wage statements under the NYLL against**
**defendants during plaintiff's employment at The Chef's Table)**

102.    Paragraphs 1 through 101 are realleged.

103.    Section 195(1)(a) of the NYLL requires that employers furnish to each employee "in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other…"

104.    Defendants willfully failed to furnish plaintiff with a proper wage notice at the time he was hired to work as a chef at The Chef's Table that reflected the criteria required under NYLL § 195(1)(a).

105.    Moreover, NYLL § 195(3) requires that employers furnish to each employee wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

106.    Defendants also willfully failed to furnish plaintiff with proper wage statements containing the criteria required under NYLL § 195(3) during the time-period of his employment at The Chef's Table.

107.    Plaintiff seeks statutory damages in an amount to be determined at trial, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**ELEVENTH CLAIM FOR RELIEF**
**(Failure to pay spread of hours under the NYLL against**
**defendants during plaintiff's employment at the Rockaway Farmers Market)**

108.    Paragraphs 1 through 107 are realleged.

109.     Section 142-2.4 of the Rules and Regulations of the State of New York requires that employers pay non-exempt employees an additional hour of pay for each day in which their workday exceeds 10 hours, which is known as "spread of hours" pay.

110.     Defendants willfully failed and refused to pay plaintiff spread of hours pay during the time-period of his employment at the Rockaway Farmers Market when his workdays exceeded 10 hours.

111.     Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the NYLL for spread of hours pay violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## TWELFTH CLAIM FOR RELIEF
**(Failure to pay spread of hours under the NYLL against
defendants during plaintiff's employment at The Chef's Table)**

112.     Paragraphs 1 through 111 are realleged.

113.     Section 142-2.4 of the Rules and Regulations of the State of New York requires that employers pay non-exempt employees an additional hour of pay for each day in which their workday exceeds 10 hours, which is known as "spread of hours" pay.

114.     Defendants willfully failed and refused to pay plaintiff spread of hours pay during the time-period of his employment at The Chef's Table when his workdays exceeded 10 hours.

115.     Plaintiff seeks damages in the amount of his unpaid compensation, liquidated damages as provided by the NYLL for spread of hours pay violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRTEENTH CLAIM FOR RELIEF
**(Failure to pay wages at least twice per month under the NYLL against
defendants during plaintiff's employment at the Rockaway Farmers Market)**

116.     Paragraphs 1 through 115 are realleged.

117.     Section 191(1) of the NYLL requires that employers pay non-exempt employees "not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

118.     Defendants willfully failed and refused to pay plaintiff at least two times per months during the time-period of his employment at the Rockaway Farmers Market.

119.     Plaintiff seeks damages in an amount to be determined at trial, liquidated damages as provided by the NYLL for frequency of pay violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### FOURTEENTH CLAIM FOR RELIEF
**(Failure to pay wages at least twice per month under the NYLL against defendants during plaintiff's employment at The Chef's Table)**

120.     Paragraphs 1 through 119 are realleged.

121.     Section 191(1) of the NYLL requires that employers pay non-exempt employees "not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

122.     Defendants willfully failed and refused to pay plaintiff at least two times per months during the time-period of his employment at The Chef's Table.

123.     Plaintiff seeks damages in an amount to be determined at trial, liquidated damages as provided by the NYLL for frequency of pay violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, plaintiff prays for relief as follows:

a)   On the First Claim for Relief, FLSA overtime violations, brought by plaintiff against defendants pertaining to his employment at the Rockaway Farmers Market, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys'

fees and costs as provided by law;

b)  On the Second Claim for Relief, FLSA overtime violations, brought by plaintiff against defendants pertaining to his employment at The Chef's Table, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

c)  On the Third Claim for Relief, NYLL overtime violations, brought by plaintiff against defendants pertaining to his employment at the Rockaway Farmers Market, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

d)  On the Fourth Claim for Relief, NYLL overtime violations, brought by plaintiff against defendants pertaining to his employment at The Chef's Table, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

e)  On the Fifth Claim for Relief, FLSA minimum wage violations, brought by plaintiff against defendants pertaining to his employment at the Rockaway Farmers Market, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

f)  On the Sixth Claim for Relief, FLSA minimum wage violations, brought by plaintiff against defendants pertaining to his employment at The Chef's Table, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

g)  On the Seventh Claim for Relief, NYLL minimum wage violations, brought by plaintiff against defendants pertaining to his employment at the Rockaway Farmers Market,

damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

h)  On the Eighth Claim for Relief, NYLL minimum wage violations, brought by plaintiff against defendants pertaining to his employment at The Chef's Table, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

i)  On the Ninth Claim for Relief, NYLL wage notice and wage statement violations, brought by plaintiff against defendants pertaining to his employment at the Rockaway Farmers Market, statutory damages in an amount to be determined at trial, and attorneys' fees and costs as provided by law;

j)  On the Tenth Claim for Relief, NYLL wage notice and wage statement violations, brought by plaintiff against defendants pertaining to his employment at The Chef's Table, statutory damages in an amount to be determined at trial, and attorneys' fees and costs as provided by law;

k)  On the Eleventh Claim for Relief, NYLL spread of hours pay violations, brought by plaintiff against defendants pertaining to his employment at the Rockaway Farmers Market, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

l)  On the Twelfth Claim for Relief, NYLL spread of hours pay violations, brought by plaintiff against defendants pertaining to his employment at The Chef's Table, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

m) On the Thirteenth Claim for Relief, NYLL frequency of pay violations, brought by plaintiff against defendants pertaining to his employment at the Rockaway Farmers Market, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law;

n) On the Fourteenth Claim for Relief, NYLL frequency of pay violations, brought by plaintiff against defendants pertaining to his employment at The Chef's Table, damages in an amount to be determined at trial, liquidated damages as provided by law, and attorneys' fees and costs as provided by law; and

o) All such other and further relief as the Court may deem equitable, just, and proper to remedy defendants' unlawful labor practices.

Dated:  New York, New York
         June 1, 2022

                                        LAROCCA HORNIK ROSEN
                                        & GREENBERG LLP

                                        /s/ *Jared E. Blumetti*
                              By:    _____
                                        Patrick McPartland (PM-4225)
                                        Jared E. Blumetti (JB-1214)

                                        40 Wall Street, 32nd Floor
                                        New York, New York 10005
                                        T: (212) 530-4837, 4831
                                        E: pmcpartland@lhrgb.com
                                             jblumetti@lhrgb.com

                                        *Attorneys for plaintiff*
                                        *Reinhard Stih*

18