UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
REINHARD STIH,

                                        Plaintiff,

                                                                        **MEMORANDUM &**
                    -against-                                           **OPINION**

ROCKAWAY FARMERS MARKET, INC.; THE                                      22-CV-3228
CHEF'S TABLE, INC.; MALLARY BENNETT; and                                (Ross, J.)
STEVE DESLANDES,                                                        (Marutollo, M.J.)

                                        Defendants.
-------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiff Reinhard Stih brings this action against Defendants The Chef's Table, Inc;

Rockaway Farmers Market, Inc.; Mallary Bennett; and Steve Deslands (collectively,

"Defendants") for unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA")

and the New York Labor Law ("NYLL"). *See* Dkt. Nos. 1 ¶ 1; 17 ¶ 1. The Chef's Table, Inc. and

Rockaway Farmers Market, Inc. (collectively, the "Debtor Defendants") have filed petitions for

Chapter 11 Bankruptcy and are subject to an automatic stay of this litigation pursuant to 11 U.S.C.

§ 362. On December 26, 2023, Mallary Bennett and Steve Deslandes (collectively, the "Non-

Debtor Defendants") requested that they too should be subject to an automatic stay.[1] *See* Dkt. No.

29. Plaintiff opposed the motion. *See* Dkt. No. 31. For the reasons stated below, Defendants'

motion is DENIED.

---

[1] Defendant Rockaway Farmers Market, Inc., initially joined in the motion but subsequently filed a petition
for Chapter 11 Bankruptcy. *See* Dkt. No. 30.

**Relevant Background**

On June 1, 2022, Plaintiff commenced this action against Defendants for unpaid wages and overtime pursuant to the FLSA and NYLL. *See* Dkt. Nos. 1 ¶ 1; 17 ¶ 1. The Chef's Table formerly operated a farm-to-table restaurant in Brooklyn that sourced fresh produce primarily from its affiliated fruit and vegetable market, Defendant Rockaway. *See* Dkt. No. 29, at 7. In the Complaint,[2] Plaintiff alleges that the Non-Debtor Defendants are the owners, operators, and managers of the Debtor Defendants. *See* Dkt. No. 17 ¶¶ 11-12, 14-15.

On December 25, 2023, the Debtor Defendants filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Eastern District of New York. *See* Dkt. No. 29-4; *see also* Dkt. No. 30. As discussed further below, under 11 U.S.C. § 362(a), Plaintiff's claims against The Chef's Table and Rockaway became subject to the automatic stay.

On December 26, 2023, the Non-Debtor Defendants filed a motion seeking to extend the automatic stay to Plaintiff's claims against them. *See* Dkt. No. 29. The Non-Debtor Defendants argue that the stay should be extended to them "because the continued prosecution of this action is an inappropriate attempt by the Plaintiff[] to circumvent the protections granted" to the Debtor Defendants, and all relevant discovery is in the possession of the Debtor Defendants. *See* Dkt. No. 29-2 ("Mem."), at 1, 5-6. The Non-Debtor Defendants further claim that they too expect to file for bankruptcy in the near future. Mem., at 2.

Plaintiff opposes the motion and argues that the automatic stay under 11 U.S.C. § 362(a) only applies to debtors, property of the debtor, or property of the estate and does not apply to stay proceedings against non-debtors. *See* Dkt. No. 31. Since Plaintiff's FLSA and NYLL claims are brought against the Non-Debtor Defendants in their individual capacity as "employers," Plaintiff

---

[2] All references to the "Complaint" are to Plaintiff's Second Amended Complaint (Dkt. No. 17), the operative pleading in this case.

argues that any potential judgment against them will not impact the Debtor Defendants' estates. *Id.* Plaintiff also notes that the Non-Debtor Defendants cannot seek indemnification from the Debtor Defendants since they have filed for bankruptcy. *Id.* At bottom, Plaintiff argues that the automatic stay should not be extended to Plaintiff's claims against the Non-Debtor Defendants.

## Discussion

Under 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition automatically stays the commencement or continuation of judicial proceedings against the debtor. *See Eastern Refractories Co. Inc., v. Forty Eight Insulations, Inc.*, 157 F.3d 169, 172 (2d Cir. 1998). As a general rule, automatic stays of litigation apply only to the debtor. *See Tchrs. Ins. & Annuity Ass'n of Am. V. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *Queenie, Ltd. V. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) ("[A] suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing.") (quoting 3 Collier on Bankruptcy § 362.033(d) (15th ed. 2002)). "Chapter 11, unlike Chapter 13, contains no provision to protect non-debtors who are jointly liable on a debt with the debtor." *Teachers Ins. & Annuity Assn of Am.*, 803 F.2d at 65.

By its terms, 11 U.S.C. § 362(a)(1) applies only to debtors, property of the debtor, or property of the estate, and does not apply to stay proceedings against non-debtors. *See In re Calpine Corp.*, 365 B.R. 401, 408 (S.D.N.Y. 2007). Courts have, however, developed a limited exception to this rule that applies only in "unusual circumstances." *Queenie, Ltd.*, 321 F.3d at 287. As the Second Circuit explained in *Queenie*:

> The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. Examples are a claim to establish an obligation of which the debtor is a

> guarantor (citation omitted), a claim against the debtor's insurer (citation omitted), and actions where "there is such identity between the debtor and a third party defendant that the debtor may be said to be the real party defendant . . . " (citation omitted).

*Id.* at 287-88 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). "However, 'where the debtor and non-debtor co-defendant are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty, a stay clearly cannot be extended to the non-debtor.'" *Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-CV-9612 (LJL), 2023 WL 3568807, at *2 (S.D.N.Y. May 18, 2023) (quoting *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 262 (S.D.N.Y. 2012)); *see Hernandez v. Immortal Rise, Inc.*, No. 11-CV-4360 (RRM) (LB), 2014 WL 991715, at *4 (E.D.N.Y. Mar. 13, 2014) ("[c]ourts have declined to extend a bankruptcy stay to co-defendants in joint employment cases under the FLSA.") (quotations and citation omitted).

The Non-Debtor Defendants essentially make two arguments in support of a stay of all discovery. First, they argue that any relevant discovery in this case, such as payroll records and time sheets, is, in reality, discovery of the Debtor Defendants and not discovery that can be provided by the Non-Debtor Defendants. *See* Mem., at 5-6. Second, the Non-Debtor Defendants argue that they are so central to the reorganization of the Debtor Defendants that their participation in this litigation would harm the Debtor Defendants' reorganization. *See id.*, at 1, 6.

The Non-Debtor Defendants' first argument fails for two reasons. As an initial matter, Non-Debtor Defendants overlook the fact that Plaintiff has asserted claims against them in their individual capacity as "employers" under the FLSA and NYLL. *See* Dkt. No. 17 ¶¶ 11-12, 14-15. In addition, Plaintiff asserts a defamation claim against Non-Debtor Defendant Bennett only. *See id.* ¶¶ 168-173. While the Non-Debtor Defendants contend that "[a]ll discovery in connection with the merits of Plaintiffs' claims under the FLSA [a]nd NYLL will be of the Debtors—not the Non-Debtor Defendants in their individual capacities," (Dkt. 29, at 10), there is no basis for that

4

assertion.  Plaintiff is entitled to discovery related to his individual FLSA and NYLL claims against the Non-Debtor Defendants and his defamation claim against Defendant Bennett.  *See Hong*, 2023 WL 3568807, at *2 (holding that the plaintiff in an FLSA case was entitled to discovery with respect to its individual claims against the non-bankrupt individual defendants); *Rodriguez v. AMGP Rest. Corp.*, No. 17-CV-4870 (KAM) (SJB), 2018 WL 4378164, at *1 (E.D.N.Y. June 5, 2018) (rejecting the same argument advanced by Non-Debtor Defendants here, and holding that the plaintiff was "entitled to obtain discovery for the[] individual claims" brought against the non-bankrupt individual defendants in an FLSA and NYLL case).

Next, Non-Debtor Defendants' first argument fails because the automatic stay does not prohibit Plaintiff from taking the testimony of or seeking discovery from the Debtor Defendants relevant to his individual claims against the Non-Debtor Defendants.  *See Quarrato v. Madison Glob. LLC*, No. 23-CV-5594 (LGS), 2023 WL 7212173, at *2 (S.D.N.Y. Nov. 2, 2023) (holding that a plaintiff in an FLSA case can seek discovery from the debtor that pertains to claims against non-debtor parties); *In re Residential Cap., LLC*, 480 B.R. 529, 536–37 (Bankr. S.D.N.Y. 2012) (adopting this standard but noting that debtors cannot be required "to provide discovery in a manner that threatens the [d]ebtors' ability to reorganize").  Indeed, Section 362(a)(1) bars "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1).  It does not, however "extend to the discovery of information from debtors.  If it did, 'a debtor could never be called as a witness (even in actions where the debtor is not a party) without relief from the stay.  Such an interpretation of section 362(a) defies common sense and the spirit of the Code.'" *Hong*, 2023 WL 3568807, at *2 (citation omitted).

Thus, to the extent Plaintiff requires discovery that is not in Non-Debtor Defendants' possession, but nonetheless relates to Plaintiff's individual claims against the Non-Debtor Defendants, Plaintiff can seek such discovery from the Debtor Defendants as a third-party witness so long as the requests do not harm the bankruptcy proceeding. *See Hong*, 2023 WL 3568807, at *2. If such requests turned out to be burdensome to the bankruptcy proceeding, the proper remedy for Debtor Defendants is to seek injunctive relief. *See Quarrato*, 2023 WL 7212173, at *2 ("courts have generally placed the onus on the debtor to seek injunctive relief, rather than requiring the party requesting discovery to obtain a lift of the bankruptcy stay.") (quoting *Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, No. 13 CIV. 4650 (JFK), 2014 WL 4783008, at *5 (S.D.N.Y. Sept. 25, 2014)). Accordingly, Non-Debtor Defendants are not entitled to an extension of the automatic stay simply because Debtor Defendants may have relevant discovery in their possession.

Non-Debtor Defendants' second argument in support of a stay also fails because Non-Debtor Defendants have not made the necessary showing that this litigation will adversely impact the Debtor Defendants' reorganization. To obtain a stay on these grounds, the "party seeking extension of the stay must put forth real evidence demonstrating an actual impact upon, or threat to, the reorganization efforts if the stay is not extended." *Rodriguez*, 2018 WL 4378164, at *2 (quoting *In re FPSDA I, LLC*, No. 10-BK-75439, 2012 WL 6681794, at *8 (Bankr. E.D.N.Y. Dec. 21, 2012), *as corrected* (Dec. 26, 2012)). Indeed, "[i] is not enough for the movant to show some limited risk, or that there is a theoretical threat to the reorganization, because it is always the case that a lawsuit against principals of the Debtor could have some effect on the reorganization." *Id.*

Here, Non-Debtor Defendants offer no real evidence that this action will have an immediate adverse economic consequence on the Debtor Defendants' estate. Instead, Non-Debtor

6

Defendants merely claim that "[a]llowing the action to go forward against [the Non-Debtor Defendants] would adversely affect the Debtor Defendants' reorganization efforts," and that The Chef's Table "should be afforded breathing room to determine whether they can reorganize and propose a plan to pay creditors" as it navigates the initial stages of bankruptcy. *See* Mem., at 6. These conclusory allegations fall short of the required showing that Non-Debtor Defendants must make in order to justify an extension of the stay. *See Rodriguez*, 2018 WL 4378164, at \*2 (holding that the non-bankrupt defendants' "conclusory and generic allegations" about the potential impact on the bankruptcy proceeding did not warrant an extension of the automatic stay); *Hernandez*, 2014 WL 991715, at \*5 (same).

Accordingly, a stay of discovery is not warranted for the Non-Debtor Defendants.

## **Conclusion**

For these reasons, the Court declines to extend the automatic stay under 11 U.S.C. § 362 to the Non-Debtor Defendants. The Court will, however, extend Non-Debtor Defendants' time to respond to Plaintiff's first set of interrogatories and first request for the production of documents, dated October 16, 2023, until February 13, 2024. *See* Dkt. No. 27; *see also* Dec. 15, 2023 Order.

All discovery shall be completed by April 18, 2024. The parties shall file a joint status report on discovery on February 14, 2024.

**SO ORDERED.**

Dated: Brooklyn, New York
      January 18, 2024

                                      *s/ Joseph A. Marutollo*
                                      JOSEPH A. MARUTOLLO
                                      United States Magistrate Judge